## Case No. 11,759.
### RICH v. MAXWELL.
[3 Blatchf. 127.] [1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—INVOICE—DEPRECIATED FOREIGN CURRENCY—CONSULAR CERTIFICATE—ALLOWANCE FOR DEPRECIATION.

1. Under the provisions of section 61 of the act of March 2, 1799 (1 Stat. 673), the president has, through circulars from the treasury department, regulated the manner in which the cost of goods invoiced in a foreign depreciated currency shall be estimated in United States currency, in order to determine the rate of duties thereon.

2. Such regulation is in force in respect to depreciations of the Austrian florin, occurring since the passage of the act of May 22d, 1846 (9 Stat. 14).

3. To entitle an importer to an allowance for any depreciation of the Austrian currency, his invoice must be accompanied by a consular certificate of the value of such currency.

4. It is not necessary for the collector to demand such certificate from the importer; but the importer must offer to the collector such certificate, or a bond to produce it thereafter, in order to be entitled to an allowance for such depreciation.

This was an action [by Josiah Rice] against [Hugh Maxwell] the collector of the port of New York to recover back an excess of duties.

On the 23d of December, 1850, the plaintiff made entry at the custom-house of an invoice of currants imported from Trieste, in amount 2,263 florins paper currency, and claimed a discount of 17 13-16 per cent., as being the agio or depreciation, at that place, between paper and silver florins, at the date of the invoice, September 26th, 1850. Duties were levied on the paper valuation of the invoice, (computing the florin at 48½ cents, United States currency), the collector refusing to allow the depreciation of 17 13-16 per cent. demanded by the plaintiff. Against this exaction the plaintiff made his protest in writing, in due form. The plaintiff proved, on the trial, that the depreciation of the paper florin at Trieste, at the date of the invoice, was about 17 13-16 per cent., and also that the plaintiff had, previously to the importation in question, imported goods from Trieste through an agent who had, on such occasions, offered a consular certificate of the agio at the custom-house, but that it was uniformly refused, the officers alleging that it was useless, as congress had fixed the value of the florin, whether silver or paper, in the United States currency. But there was no proof that such consular certificate was in fact presented at the custom-house on the entry of the goods in question. On the contrary, the testimony imported that none was offered to accompany the invoice and entry.

THE COURT held: 1. That under the provisions of section 61 of the act of March 2, 1799 (1 Stat. 673), the president, through circulars from the treasury department, had regulated the manner in which the cost of goods, exhibited in a foreign depreciated currency, should be estimated in United States currency, in order to determine the rate of duties thereon; that such regulation was in force in respect to depreciations of the Austrian florin, occurring since the passage of the act of May 22d, 1846 (9 Stat. 14); and that, to entitle the plaintiff to an allowance for any depreciation of the Austrian currency, the invoice must be accompanied by a consular certificate of the value of such currency.

2. That it was not necessary for the collector to demand a consular certificate from the importer; that the latter must prove his case fully, to maintain an action, and, in order to that end, must produce and offer to the collector a consular certificate, or a bond to produce it thereafter, to be entitled to an allowance for the depreciation of a foreign currency. Judgment for defendant.